No. 19,408.

E. S. HOLSAPPLE, *Appellee,* v. ALMER PORTER et al., *Appellants.*

SYLLABUS BY THE COURT.

TRESPASS—*Cutting and Removing Grass—Evidence to Prove Damages.*
In an action charging defendants with having tortiously cut and con-
verted grass which the plaintiff had obtained under a lease from the
owner of land it was not error to permit plaintiff to offer testimony
as to the value of hay or cut grass in the neighborhood of the land
from which the grass was cut.

Appeal from Logan district court; JACOB C. RUPPENTHAL,
judge. Opinion filed July 10, 1915. Affirmed.

*Arch L. Taylor,* of Russell, for the appellants.

*W. L. Sayers,* of Hill City, and *S. E. Cary,* of Russell Springs,
for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to recover damages for
cutting and carrying away grass grown upon rented land.
E. S. Holsapple, the plaintiff, was the lessee of a quarter sec-
tion of land in Logan county. Defendants Almer Porter, John
Keller, Palmer Keller, John Stover and Jake Layman entered
upon the land about August 12, 1912, and cut grass growing
thereon sufficient to amount to about sixty tons of hay of the
alleged value of $250. Defendants admitted their entrance
upon the land and the cutting of the grass growing upon about
sixty acres of land. They averred, however, that they only
removed the grass from fifty acres of the land, and that when
informed by the plaintiff that the grass belonged to him they
left the balance of it in the field. They claimed, too, that the
reasonable value of the grass was $10, and tendered to plaintiff
in court the sum of $25 in full settlement of his claim. This
was refused, and on the trial the jury returned a verdict in

plaintiff's favor. Defendants' motion for a new trial being overruled they appeal from the adverse judgment.

Complaint is made that the plaintiff was permitted to show the value of hay instead of the value of uncut grass. There is no merit in this contention. The defendants wrongfully entered upon the land and removed and converted to their own use grass belonging to plaintiff. It may have been difficult to show the value of growing grass in that community, and the value of hay may have been the best evidence obtainable. The abstract does not show all of the evidence on the question, and hence it can not be held that there was no necessity for this proof. At any rate the value of hay in the neighborhood is some evidence as to the value of the grass, and so far as the abstract shows it may have been the best evidence that could be produced. Here the ownership of the land was distinct from that of the grass, and so the court rightly ruled when it instructed the jury that if the plaintiff had a contract or lease with the owner of the land on which the grass grew he would be entitled to recover from the defendants the value of the grass at the instant it was severed from the land, but that he could not recover for that which was cut and left upon the land. The plaintiff sued as for a tort, and the defendants who committed the trespass and wrongfully cut and removed the grass are hardly in a position to ask for credit for cutting the grass or any other tortious act committed by them upon the land.

It is contended that plaintiff was not entitled to recover for all of the grass that was converted by the defendants, and this on the theory that he had sold a part of it to another. It appears that some negotiations had been made with another party, but it is not shown that a sale was effected, and hence the defendants are in no danger of having to account to any one else for the grass wrongfully taken by them.

The judgment of the district court is affirmed.